**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 20, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORIO TABAREZ-HERNANDEZ,

    Defendant - Appellant.

No. 25-4161
(D.C. No. 2:24-CR-00054-DBB-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

Gregorio Tabarez-Hernandez pleaded guilty to possession of cocaine with

intent to distribute and possession of a machine gun.  *See* 21 U.S.C. § 841(a)(1);

18 U.S.C. § 922(o).  The district court sentenced him to 240 months in prison.

Tabarez-Hernandez appealed.  The government now moves to enforce the appeal

waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004) (en banc).

We will enforce an appeal waiver if (1) "the disputed appeal falls within

the . . . scope of the waiver"; (2) "the defendant knowingly and voluntarily waived

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325-27.

The government argues, and Tabarez-Hernandez concedes, that all three *Hahn* conditions are met in this case. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court


Per Curiam